UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MARK ANTHONY CHRISTIANS, | 4:26-CV-04105-RAL |
| Plaintiff, | |
| vs. | ORDER DIRECTING PLAINTIFF TO FILE A PTAR OR PAY THE FULL CIVIL FILING FEE AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |
| BENJAMIN BALLARD, Corrections Officer at Jameson Annex; in individual and official capacity; MATTHEW BECK, Officer and JPA; in individual and official capacity; TABITHA BENTING, Warden at JPA; in individual and official capacity; JEANNIE BERTSCH, Associate Warden at JPA, in individual and official capacity; DANIEL BISHOP, Mental Health Profes. at JPA; in individual and official capacity; SHELBY BLACK, Nurse Practitioner at JPA; in individual and official capacity; BRENNA BOCK, Officer at JPA; in individual and official capacity; ETHAN BURSON, Lieutenant at JPA; in individual and official capacity; LUCAS CAROTA, Officer at JPA; in individual and official capacity; ANDERS CLAYTON, Officer at JPA; in individual and official capacity; BRYANT DEHOOGH, Officer at JPA; in individual and official capacity; JOHN DOES, Various Positions at JPA; IN in individual and official capacity; JANE DOES, Various Positions at JPA; in individual and official capacity; DAREK EKEREN, Major at JPA; in individual and official capacity; SAM GOTTSLEBEN, Nurse Practitioner at JPA; in individual and official capacity; BRADY HAWKS, Officer at JPA; in individual and official capacity; DR. AARON HAYNES, Medical Director at JPA; in individual and official capacity; HAYWOOD, Officer at JPA; in individual and official capacity; HUBLEY, Medical Director at JPA; in individual and official capacity; TYLER JACKSON, Officer at JPA; in individual and official capacity; EVAN JASNOCH, Teacher at | |

JPA; in individual and official capacity; SCOTT KLUTMAN, Nursing Supervisor at JPA; in individual and official capacity; HAROLD KOSTEK, Lieutenant at JPA; in individual and official capacity; NICK LAMB, Secretary of Corrections at SDDOC; in individual and official capacity; MAYLAH LANGENMEIER, LPN at JPA; in individual and official capacity; DIANNA LIGHT, Registered Nurse at JPA; in individual and official capacity; MELISSA MATURAN, Corrections Specialist at SDDOC; in individual and official capacity; COREY MONTGOMERY, Officer at JPA; in individual and official capacity; IRAKOZE MUHUZA, Officer at JPA; in individual and official capacity; BRIAN NELSON, Officer/Corporal at JPA; in individual and official capacity; NIELSON, Officer (laundry) at JPA; in individual and official capacity; NICOLE NORWICK, Constituent Services at SDDOC; in individual and official capacity; IRIS PARKER, LPN at JPA; in individual and official capacity; MARTIN PETERSON, Sergeant/Lieutenant at JPA; in individual and official capacity; AMBER PIRRAGLIA, Director of Prisons at JPA; in individual and official capacity; PITCHFORD, Lieutenant (re-entry) at JPA; in individual and official capacity; JOSIE RAND, Radiologic Technologist at JPA; in individual and official capacity; EDWARD REYES-NUNEZ, Officer at JPA; in individual and official capacity; NICOLAS RODRIGUEZ, Major at JPA; in individual and official capacity; JAKE ROHWER, Unit Housing Sergeant at; in individual and official capacity; ZACHARY RUNGE, Sergeant at JPA; in individual and official capacity; JASE SAUER, Officer at JPA; in individual and official capacity; ALEXANDER SMITH, Officer at JPA; in individual and official capacity; WESTON STIPPICH, Officer at JPA; in individual and official capacity; STURIKSMA, Officer at JPA; in individual and official capacity; BRADY THURMAN, Officer at JPA; in individual and official capacity; DOMINIC TUCKER, Officer at JPA; in individual and official capacity;

2

| | |
|---|---|
| TRAVIS VECKER, Unit Housing Captain at JPA; in individual and official capacity; KAHLEN VANDER WOUDE, Officer (mailroom) JPA; in individual and official capacity; MATTHEW VANOTTERLOO, Officer/Sergeant at JPA; in individual and official capacity; SARAH VANVOORST, Case Manager at JPA; in individual and official capacity; IGNACIO VELAZQUEZ, Officer at JPA; in individual and official capacity; STACY VIS, Health Services Administrator at JPA; in individual and official capacity; JAKE WALTER, Intake Sergeant at JPA; in individual and official capacity; ALYSSA WELBIG, Nurse Practitioner at JPA; in individual and official capacity; WILDE, Officer (property) at JPA; in individual and official capacity; EMILEE WOEBLER, Intern at JPA; in individual and official capacity; TYRAN WOLLMAN, Unit Housing Sergeant at JPA; in individual and official capacity; TAYLOR YOST, Unit Housing Captain at JPA; in individual and official capacity; and UNKNOWN SDDOC OFFICIALS,<br><br>Defendants. | |

Plaintiff Mark Christians commenced this pro se civil rights lawsuit against numerous South Dakota Department of Corrections (SDDOC) officials and employees arising out of his confinement at the Jameson Annex in Sioux Falls, South Dakota. Doc. 1. Christians filed a motion for leave to proceed in forma pauperis, Doc. 3, but he did not submit a prisoner trust account report. Instead, Christians requests that this Court direct the SDDOC to provide his prisoner trust account report or, in the alternative, consider his motion for leave to proceed in forma pauperis based on the prisoner trust account reports he has filed in other actions. Doc. 4. Christians also filed an "Ex Parte Motion for Temporary Restraining Order or Alternative Protection Order." Doc. 6 (capitalization in original omitted).

3

## I.    Motion for Production of Prisoner Trust Account (Doc. 4)

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Because Christians is a prisoner as defined in § 1915(h), the PLRA requires that he pay the full $350 filing fee. The Court may, however, accept partial payment of the initial filing fee where appropriate. Thus, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (alteration in original) (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). To permit the Court to determine the amount of the initial partial filing fee, a prisoner seeking leave to proceed in forma pauperis "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint[.]" 28 U.S.C. § 1915(a)(2). Christians has not complied with § 1915(a)(2) and submitted a certified copy of his prisoner trust account report for the last six months. Christians contends that he has attempted multiple times to get a blank PTAR from prisoner officials but has not been able to obtain a blank PTAR. Doc. 4. He also contends that he has asked the Clerk of Court to send him a blank PTAR, but asserts that his privileged and

4

legal mail is being returned without his knowledge of what is being sent.[1] Id. Thus, Christians requests that this Court order the SDDOC to submit a completed PTAR on his behalf or, in the alternative, consider his motion for leave to proceed in forma pauperis on the basis of PTARs he has filed in previous actions.

On one previous occasion, Judge Piersol ordered the SDDOC to provide to Christians a certified prisoner trust account report form and copies of his last six months of financial statements or demonstrate good cause for their failure to do so. Christians v. Christiansen, 4:22-CV-04072-ECS, Doc. 121 (D.S.D. May 15, 2025). But in the previous case, Christians was seeking leave to proceed in forma pauperis on appeal. Id. at Doc. 120. Thus, the SDDOC was represented by counsel and had appeared in the lawsuit. More significantly, however, Christians submitted specific documentary evidence substantiating his efforts to obtain a PTAR and supporting financial statements and attempts by specifically identified officials at a different SDDOC facility to impede his efforts to do so. Id. at Docs. 117, 117-1, 117-2, 118. Here, Christians makes only general, conclusory allegations and has not submitted any corroborating evidence. Doc. 4. Accordingly, Christians' motion for production of a PTAR and alternative motion requesting that the Court consider his PTARs filed previously in other cases, Doc. 4, is denied. If Christians wishes to pursue this action, he must file a completed prisoner trust account report, along with supporting account statements, or, in the alternative, pay the full $405 civil filing fee, no later than **July 31, 2026**. Failure to do so will result in the dismissal of this action for failure to prosecute.

---

[1] The docket in this case, as well as in Christians' other cases in the District of South Dakota, reveals that Christians' legal mail is being returned because he refuses it. See, e.g., Docs. 9, 10; Christians v. Hanvey, 4:23-CV-04137-CCT, Doc. 106 (D.S.D. Jan. 15, 2026); Christians v. Young, 4:20-CV-04083, Doc. 581 at 5 (D.S.D. Oct. 10, 2025) (citing Christians v. Young, 4:20-CV-04083, Doc. 580 ¶ 10 and Doc. 580-2)).

## II.      Motion for Temporary Restraining Order (Doc. 6)

Federal Rule of Civil Procedure 65(b) allows this Court to issue a temporary restraining order without notice if "(A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and (B) the movant's attorney certifies in writing any efforts made to give notice." Fed. R. Civ. P. 65(b). "A temporary restraining order under Rule 65(b) is to prevent immediate and irreparable harm and typically to preserve the status quo until the Court can hear from both sides." Institute for Free Speech v. Jackley, 340 F. Supp. 3d 853, 858 (D.S.D. 2018).

Christians filed a verified complaint identifying specific factual allegations that he believes demonstrate immediate and irreparable injury. Doc. 1. But Christians has not certified in writing what efforts, if any, he made to give notice of his motion for temporary restraining order or why notice should not be required. Christians submitted a conclusory declaration stating that he gave "advance notice and warning" to multiple SDDOC officials verbally and by submitting kites and e-kites that he would pursue and file for "court relief as described in the motion for a temporary restraining order[.]" Doc. 2 (capitalization in original omitted). Even assuming Christians informed some or even all of the defendants that he intended to file a lawsuit seeking relief for the alleged violation of his constitutional rights, advance notice of a lawsuit is not equivalent to notice of a request for an expansive ex parte temporary restraining order. Notably, Christians' declaration does not include any discussion of why he should not be required to give notice to defendants of his motion for temporary restraining order. See generally Doc. 2. Christians, as a pro se plaintiff, is not exempt from complying with the Federal Rules of Civil Procedure, local court rules, and court orders. Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002) (citation omitted).

6

In his motion for temporary restraining order, Christians does not seek an order preserving the status quo. Rather, he seeks specific, affirmative injunctive relief that mirrors the injunctive relief he seeks in his complaint. Compare Doc. 6 at 6–9, with Doc. 1 at 43–45. In other words, the temporary restraining order Christians seeks is tantamount to prevailing on the merits. This Court is unwilling to enter an order in essence finding that Christians is entitled to prevail on the merits until defendants have had an opportunity to respond and the record is fully developed. Finally, much, if not all, of the specific, affirmative injunctive relief Christians seeks requires this Court to substitute its judgment for the judgment of prison officials on matters regarding prison security, safety, and health care administration. The United States Court of Appeals for the Eighth Circuit has instructed district courts to refrain from interfering with prison administration. See, e.g., Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (stating that in a prison setting, a request for preliminary injunctive relief "must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." (citation modified)); see also 18 U.S.C. § 3626(a)(2) (requiring that temporary or preliminary injunctive relief in any civil action with respect to prison conditions "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."). For these reasons, Christians' motion for temporary restraining order, Doc. 6, is denied.

## III.    Conclusion

Accordingly, it is

ORDERED that Christians' motion for production of prisoner trust account report, Doc. 4, is denied. It is further

7

ORDERED that the Clerk of Court will send Christians a blank prisoner trust account report. It is further

ORDERED that if Christians wishes to proceed in forma pauperis, he must return the completed prisoner trust account report by **July 31, 2026**. It is further

ORDERED that if Christians does not wish to proceed in forma pauperis, he must pay the full $405 civil complaint filing fee by **July 31, 2026**. It is further

ORDERED that failure to comply with this order will result in dismissal of this case without prejudice for failure to prosecute. It is finally

ORDERED that Christians' ex parte motion for temporary restraining order or alternative protective order, Doc. 6, is denied.

DATED June 30th, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

8