UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MARK ANTHONY CHRISTIANS,<br><br>Plaintiff,<br><br>vs.<br><br>BENJAMIN BALLARD, Corrections Officer at Jameson Annex; in individual and official capacity; MATTHEW BECK, Officer and JPA; in individual and official capacity; TABITHA BENTING, Warden at JPA; in individual and official capacity; JEANNIE BERTSCH, Associate Warden at JPA, in individual and official capacity; DANIEL BISHOP, Mental Health Profes. at JPA; in individual and official capacity; SHELBY BLACK, Nurse Practitioner at JPA; in individual and official capacity; BRENNA BOCK, Officer at JPA; in individual and official capacity; ETHAN BURSON, Lieutenant at JPA; in individual and official capacity; LUCAS CAROTA, Officer at JPA; in individual and official capacity; ANDERS CLAYTON, Officer at JPA; in individual and official capacity; BRYANT DEHOOGH, Officer at JPA; in individual and official capacity; JOHN DOES, Various Positions at JPA; IN in individual and official capacity; JANE DOES, Various Positions at JPA; in individual and official capacity; DAREK EKEREN, Major at JPA; in individual and official capacity; SAM GOTTSLEBEN, Nurse Practitioner at JPA; in individual and official capacity; BRADY HAWKS, Officer at JPA; in individual and official capacity; DR. AARON HAYNES, Medical Director at JPA; in individual and official capacity; HAYWOOD, Officer at JPA; in individual and official capacity; HUBLEY, Medical Director at JPA; in individual and official capacity; TYLER JACKSON, Officer at JPA; in individual and official capacity; EVAN JASNOCH, Teacher at | 4:26-CV-04105-RAL<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION AND RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION |

| | |
|---|---|
| JPA; in individual and official capacity; SCOTT KLUTMAN, Nursing Supervisor at JPA; in individual and official capacity; HAROLD KOSTEK, Lieutenant at JPA; in individual and official capacity; NICK LAMB, Secretary of Corrections at SDDOC; in individual and official capacity; MAYLAH LANGENMEIER, LPN at JPA; in individual and official capacity; DIANNA LIGHT, Registered Nurse at JPA; in individual and official capacity; MELISSA MATURAN, Corrections Specialist at SDDOC; in individual and official capacity; COREY MONTGOMERY, Officer at JPA; in individual and official capacity; IRAKOZE MUHUZA, Officer at JPA; in individual and official capacity; BRIAN NELSON, Officer/Corporal at JPA; in individual and official capacity; NIELSON, Officer (laundry) at JPA; in individual and official capacity; NICOLE NORWICK, Constituent Services at SDDOC; in individual and official capacity; IRIS PARKER, LPN at JPA; in individual and official capacity; MARTIN PETERSON, Sergeant/Lieutenant at JPA; in individual and official capacity; AMBER PIRRAGLIA, Director of Prisons at JPA; in individual and official capacity; PITCHFORD, Lieutenant (re-entry) at JPA; in individual and official capacity; JOSIE RAND, Radiologic Technologist at JPA; in individual and official capacity; EDWARD REYES-NUNEZ, Officer at JPA; in individual and official capacity; NICOLAS RODRIGUEZ, Major at JPA; in individual and official capacity; JAKE ROHWER, Unit Housing Sergeant at; in individual and official capacity; ZACHARY RUNGE, Sergeant at JPA; in individual and official capacity; JASE SAUER, Officer at JPA; in individual and official capacity; ALEXANDER SMITH, Officer at JPA; in individual and official capacity; WESTON STIPPICH, Officer at JPA; in individual and official capacity; STURIKSMA, Officer at JPA; in individual and official capacity; BRADY THURMAN, Officer at JPA; in individual and official capacity; DOMINIC TUCKER, Officer at JPA; in individual and official capacity; | |

| | |
|---|---|
| TRAVIS VECKER, Unit Housing Captain at JPA; in individual and official capacity; KAHLEN VANDER WOUDE, Officer (mailroom) JPA; in individual and official capacity; MATTHEW VANOTTERLOO, Officer/Sergeant at JPA; in individual and official capacity; SARAH VANVOORST, Case Manager at JPA; in individual and official capacity; IGNACIO VELAZQUEZ, Officer at JPA; in individual and official capacity; STACY VIS, Health Services Administrator at JPA; in individual and official capacity; JAKE WALTER, Intake Sergeant at JPA; in individual and official capacity; ALYSSA WELBIG, Nurse Practitioner at JPA; in individual and official capacity; WILDE, Officer (property) at JPA; in individual and official capacity; EMILEE WOEBLER, Intern at JPA; in individual and official capacity; TYRAN WOLLMAN, Unit Housing Sergeant at JPA; in individual and official capacity; TAYLOR YOST, Unit Housing Captain at JPA; in individual and official capacity; and UNKNOWN SDDOC OFFICIALS,<br><br>Defendants. | |

Plaintiff Mark Christians commenced this pro se civil rights lawsuit against numerous South Dakota Department of Corrections (SDDOC) officials and employees arising out of his confinement at the Jameson Annex in Sioux Falls, South Dakota. Doc. 1. Christians filed a motion for leave to proceed in forma pauperis, Doc. 3, but to date, has not submitted a prisoner trust account report, although this Court has specifically ordered that he do so and extended his deadline to August 28, 2026. Doc. 11 at 8; Doc. 17 at 5. Along with his complaint, Christians filed an "Ex Parte Motion for Temporary Restraining Order or Alternative Protection Order." Doc. 6 (capitalization in original omitted). This Court denied Christians' ex parte motion for temporary restraining order or alternative protective order. Doc. 11. Christians has filed a motion seeking

"clarification" of the June 30, 2026 Order denying his motion for temporary restraining order, Doc. 18, and a renewed motion for temporary restraining order or preliminary injunction, Doc. 20.

**I. Motion for Clarification** (Doc. 18)

Neither the Federal Rules of Civil Procedure nor the District of South Dakota's Local Civil Rules of Practice provide for motions for clarification. Further, Christians' motion for clarification does not contend that the Order denying his ex parte motion for temporary restraining order or alternative protective order is unclear or confusing. Doc. 18. Instead, Christians argues that the Court should have conducted an evidentiary hearing and summarily asserts that he has demonstrated that "his injuries qualify him at minimum as a qualified individual to gain access to a wheelchair, shower chair, and restraint adjustments under both the ADA and constitutional medical need." Id. at 4 (capitalization in original omitted). Christians' motion for clarification includes 432 exhibits, Doc. 18-1, but he does not cite to any specific exhibit in his motion for clarification. This Court denied Christians' ex parte motion for temporary restraining order in part because he had not certified in writing what efforts, if any, he had made to give notice to defendants or why notice should not be required. Doc. 11 at 6. Christians' motion for clarification does not address Christians' failure to give notice. See generally Doc. 18.

Even if this Court liberally construes Christians' motion for clarification as a motion to reconsider, he is not entitled to relief. Under Federal Rule of Civil Procedure 54(b), "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "[A] motion for reconsideration serves the limited function 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Woodward v. Credit Serv. Int'l Corp., 132 F.4th 1047, 1058 (8th Cir.

2025) (quoting Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988)) (affirming district court's denial of a motion for reconsideration where the "request 'identifies no *manifest* errors of law or fact' and merely reargued matters the district court had already considered and rejected"); see also Preston v. City of Pleasant Hill, 642 F.3d 646, 652 (8th Cir. 2011) (affirming district court's denial of motion to reconsider in part because its purpose of "repeating arguments the district court had already rejected" was improper). "A district court does not abuse its discretion in denying a motion for reconsideration used for [] an 'impermissible purpose.'" SPV-LS, LLC v. Transamerica Life Ins. Co., 912 F.3d 1106, 1111 (8th Cir. 2019) (citation omitted). Here, Christians has not identified any manifest error of law or fact, and the exhibits he attaches, but does not specifically cite, to his motion to clarify, all appear to have been available when he commenced this action and filed his ex parte motion for temporary restraining order or protective order. For these reasons, Christians' motion for clarification, Doc. 18, is denied.

## II. **Motion for TRO or Preliminary Injunction** (Doc. 20)

Christians has filed a renewed "Motion for TRO or Preliminary Injunction[.]" Doc. 20 (capitalization in original omitted). In his renewed motion, Christian requests that the Court issue an "order protecting [him] or temporarily restraining the defendants" in the "areas" of access to the court, ADA/RA,[1] medical, and restraints because Christians contends that his constitutional rights in these areas are being violated. Id. at 1. But Christians' renewed motion for temporary restraining order does not seek any specific relief, and once again, he does not certify what efforts, if any he made to notify the defendants, or why notice should not be

[1] This Court presumes that Christians is referring to the Americans with Disabilities Act and the Rehabilitation Act.

required. See generally Doc. 20. Christians' renewed motion for TRO or preliminary injunction, Doc. 20, is denied for the same reasons that his initial motion for temporary restraining order was denied. See Doc. 11.

**III. Conclusion**

For these reasons stated above, it is

ORDERED that Christians' motion for clarification, Doc. 18, is denied. It is further

ORDERED that Christians' renewed motion for TRO or preliminary injunction, Doc. 20, is denied.

DATED August 24th, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE